91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin HARMON, Defendant-Appellant.
 No. 96-1292.
 United States Court of Appeals, Seventh Circuit.
 Argued July 10, 1996.
Decided July 12, 1996.
 
 Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Melvin Harmon pleaded guilty to distributing crack cocaine. A first offender, Harmon asked the district judge for the benefits of the "safety valve" provisions, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, under which a court may impose a sentence below the statutory minimum. The district court held that Harmon had not satisfied one of the requirements for such a sentence: that he "provide to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." As a result, Harmon received a sentence of five years' imprisonment.
 
 
 2
 An undercover officer purchased cocaine from Harmon on three occasions in 1995: 1.2 grams on March 21, 3.5 grams on March 24, and 11.3 grams on April 1. Harmon told the officer that he and his partner "cut kilos, we don't sell twenties anymore." On March 31 Harmon told the officer that he was out of drugs but would have some the next day--as he did. Searching the premises after arresting Harmon, the officers found six bags of crack cocaine weighing 4.1 grams, together with drug paraphernalia and a pager. But Harmon told the prosecutor and the judge that he bought one ounce of cocaine (28.3 grams) in March 1994 and had been disposing of it slowly since October 1994. Harmon testified that the cocaine sold to the officer came from that single ounce, and he denied running the retail distribution operation that his statements and acts implied (and therefore denied having an active source for drugs).
 
 
 3
 The district judge did not believe Harmon and concluded that he had not provided all information concerning his criminal conduct. Such a credibility finding is almost impossible to upset, Anderson v. Bessemer City, 470 U.S. 564, 575 (1985), and we do not see any basis on which to disturb this one. The judge obviously accepted the undercover officer's account, which is inconsistent with Harmon's. Although a more complete statement of reasons by the district judge would have been helpful, the ultimate decision was well within his power. Indeed, it seems almost inevitable; Harmon's description of events may not have been impossible, but it was unlikely indeed. If all the drugs came from one ounce, how could Harmon be empty-handed on March 31 yet sell 11.3 grams on April 1? He has not satisfied the requirements for a sentence below the minimum ordinarily applicable.
 
 AFFIRMED